UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ADRIAN COLEMAN, | ) |
| | ) |
| Plaintiff, | ) No. 03:11-cv-00958-HU |
| | ) |
| vs. | ) |
| | ) **FINDINGS & RECOMMENDATION** |
| SOLARWORLD INDUSTRIES AMERICA, INC., | ) **ON MOTION TO DISMISS** |
| | ) |
| Defendant. | ) |

_____

Gerald Noble
Invision Law Firm
6830 N.E. Broadway, #17
Portland, OR 97213-5374

    Attorney for Plaintiff


Laura E. Rosenbaum
Carolyn D. Walker
Stoel Rives LLP
900 S.W. Fifth Avenue, Suite 2600
Portland, OR 97204

    Attorneys for Defendant

1 - FINDINGS & RECOMMENDATION

HUBEL, Magistrate Judge:

This matter is before the court on the defendant's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the plaintiff's claims under ORS chapter 659A. The plaintiff Adrian Coleman filed this action on August 9, 2011, asserting claims for racial discrimination and harassment, sexual harassment, and hostile work environment. Dkt. #1. The defendant Solarworld Industries America, Inc. ("Solarworld") argues Coleman's claims under ORS chapter 659A are untimely, depriving the court of jurisdiction over those claims. Dkt. #19, p. 1. The court heard oral argument on the motion on December 13, 2011. During the hearing, the court allowed Coleman to offer the testimony of his counsel's assistant, Karen Coleman (the plaintiff's mother), regarding the course of dealings between counsel's office and the Oregon Bureau of Labor and Industries ("BOLI").

The facts relating to the motion to dismiss are as follows. Coleman is an African American male. In December 2008, he was hired by Kelly Services, a temporary employment agency, and assigned to work at Solarworld as a machine operator. Coleman alleges that beginning in May 2009, his Solarworld supervisor Dan Mitchell began subjecting him to "a series of racially and sexually offensive comments and conduct." Dkt. #1, ¶ 7. Coleman alleges Mitchell took various actions to undermine his work performance. *See id.*, ¶¶ 7-12. He also alleges Solarworld engaged in ongoing racially-discriminatory practices. *See id.*, ¶¶ 13-16. Coleman's job was terminated, allegedly "at the urging of Solarworld," on September 16, 2009. *Id.*, ¶ 17.

2 - FINDINGS & RECOMMENDATION

Coleman filed a complaint with the BOLI on September 1, 2010, regarding Solarworld. His complaint was co-filed with the federal Equal Employment Opportunity Commission. *Id.*, ¶ 18. Coleman also filed a complaint regarding Kelly Services. On December 7, 2010, Coleman, through counsel, sent a letter to the BOLI withdrawing his complaint against Solarworld, and indicating he intended "to file a civil action in court." Dkt. #24-1, Ex. 1. The BOLI prepared a Complaint Withdrawal Memorandum dated December 8, 2010. Dkt. #24-2, Ex. 2, p. 2. On December 28, 2010, the BOLI issued a right-to-sue notice to Coleman. *Id.*, p. 3. The BOLI's actions after issuing the right-to-sue letter are less than clear.

The BOLI claims it mailed a copy of the right-to-sue letter to Coleman on December 28, 2010. Beginning sometime in early 2011, Karen Coleman, on behalf of the plaintiff's counsel, contacted the BOLI to ask if a right-to-sue letter had been issued. She testified she was advised in February 2011, by Susan Jordan, Operations Manager of the BOLI's Portland, Oregon, office, that a right-to-sue letter had been issued. Ms. Coleman believes Ms. Jordan also told her the date the letter was issued, although she cannot recall that fact for sure. Ms. Coleman asked that a copy of the right-to-sue letter be forwarded promptly to the office of the plaintiff's attorney. Ms. Jordan acknowledged that a copy of the letter had not been sent to Coleman's attorney previously. However, instead of sending the right-to-sue letter regarding Solarworld, Ms. Jordan sent a right-to-sue letter regarding Kelly Services. Ms. Coleman contacted Ms. Jordan again repeatedly to request a copy of the Solarworld right-to-sue letter, but each time, Ms. Jordan sent a copy of the Kelly Services letter. According to Ms. Coleman, a

3 - FINDINGS & RECOMMENDATION

copy of the Solarworld right-to-sue letter finally was received in counsel's office sometime in June 2011.

In a letter dated July 8, 2011, Ms. Jordan stated it "was an oversight" not to send a copy of the right-to-sue letter to Coleman's counsel initially, but she stated, "The complainant did receive the notice."[1] Dkt. #24-2, ECF p. 4 of 5. Ms. Jordan wrote counsel another letter dated August 1, 2011, attaching a copy of the right-to-sue letter. Dkt. #24-2, ECF p. 1 of 5. Coleman's counsel states he first received the right-to-sue letter on August 1, 2011. Dkt. #24, ¶ 4. On September 15, 2011, the BOLI sent a letter to Coleman's attorney confirming that "[a]n oversight occurred in not sending [him], as the attorney of record, a copy of the closure letter with the 'Notice of Right to File a Civil Suit,'" but again stating the BOLI's records showed that the documents had been mailed directly to Coleman. Dkt. #24-4.

In a declaration supporting his resistance to the defendant's motion, Coleman claims he checks his mailbox and sorts his mail every day, and he has never received the notice of right to sue Solarworld from the BOLI. Dkt. #24-3, Ex. 4.

***STANDARD OF REVIEW***

Chief Judge Aiken of this court recently set forth the standard for the court's consideration of a Rule 12(b)(6) motion to dismiss in *Gambee v. Cornelius*, slip op., No. 10-CV-6265-AA, 2011

---

[1] Right-to-sue letters are not mailed with a return receipt request, and there is no evidence in the record that Ms. Jordan had any way of knowing Coleman actually received the right-to-sue letter.

4 - FINDINGS & RECOMMENDATION

WL 1311782 (D. Or. Apr. 1, 2011) (Aiken, C.J.).  However, when the court relies on materials outside the pleadings that is submitted in support of or opposition to a motion to dismiss, then the motion to dismiss must be treated as one for summary judgment.  *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996); Fed. R. Civ. P. 12(d).  In the present case, the court has considered the declarations submitted by the parties, as well as the testimony of Karen Coleman, which was offered at oral argument on the motion in lieu of her filing of a declaration which Solarworld then would have had the right to rebut.  I deemed it most efficient to take Ms. Coleman's testimony at the hearing, allowing Solarworld's attorney the opportunity to cross-examine the witness.

Because the court has considered these matters outside the pleadings, Solarworld's motion should be treated as one for partial summary judgment on the issue of Coleman's claims under ORS chapter 659A.  Accordingly, the standard of review is stated in Federal Rule of Civil Procedure 56(c)(2), which provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  In considering a motion for summary judgment, the court "must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial."  *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002) (citing *Abdul-Jabbar v. General Motors Corp.*, 85 F.3d 407, 410 (9th Cir. 1996)); *see In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (discussing "the shifting burden of proof governing motions for summary judgment").

5 - FINDINGS & RECOMMENDATION

***DISCUSSION***

Ordinarily, when a person files a complaint under ORS § 659A.820 , a civil action must be commenced within 90 days after the right-to-sue notice is mailed to the complainant. ORS § 659A.875(2).[2] Solarworld argues the right-to-sue notice in this case was mailed on December 28, 2010, so Coleman had to commence any action under ORS § 659A by March 28, 2011, in order for the case to be timely filed. In the alternative, Solarworld argues the evidence establishes that Coleman's counsel was on notice by sometime in February 2011, that a right-to-sue letter had been issued, and even using February as the date the 90 days began to run, Coleman had to file this action at least by the end of May 2011. Solarworld argues that because Coleman's claims under ORS chapter 659A are untimely, "[t]his court therefore has no jurisdiction over these claims[.]" Dkt. #19, p. 1.

However, "state time limits on filing court actions or other similar filing deadlines should generally be treated as statutes of limitations subject to the doctrine of equitable tolling, rather than jurisdictional prerequisites which divest the court of jurisdiction to hear the case if they are not met." *Bouman v. Block*, 940 F.2d 1211, 1220 (9th Cir. 1991) (construing a similar filing deadline under California law) (citing *Salgado v. Atlantic Richfield Co.*, 823 F.2d 1322, 1324 (9th Cir. 1987)). Equitable tolling is applied sparingly, "generally in situations in which a

---

[2]Contrast this state-law requirement to file suit within 90 days after a right-to-sue notice is *mailed*, with the federal requirement to file suit within 90 days of *receipt* of a right-to-sue notice. *See* 42 U.S.C. § 2000e-16(c).

6 - FINDINGS & RECOMMENDATION

party was precluded by some obstacle from acting within the limitations period." *In re Jones*, 657 F.3d 921, 926 (9th Cir. 2011) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)). When a claimant fails to exercise due diligence in preserving his legal rights, the courts are "much less forgiving" in allowing late filings. *Irwin, supra*.

The question here is whether Coleman acted with due diligence to preserve his legal rights with regard to his claims under ORS § 659A. The court finds that he did. He filed a timely claim with the BOLI on September 1, 2010. He retained counsel, and on December 7, 2010, his counsel submitted a notice withdrawing Coleman's claim for the purpose of filing a lawsuit, and requesting a right-to-sue notice. His counsel's office contacted the BOLI office repeatedly in an attempt to obtain a copy of the Solarworld right-to-sue letter that purportedly had been issued on December 28, 2010, but the BOLI repeatedly provided a different letter, issued regarding a different entity - Kelly Services. Given the relationship between Kelly Services and Solarworld in this case, a reasonable person would believe that the repeated statements of Ms. Jordan about who the right to sue letter referred to was an error on her part when what came was repeatedly a Kelly Services right to sue letter. The BOLI admits it erroneously failed to send the Solarworld right-to-sue letter to Coleman's attorney until August 2011, and despite the BOLI's representation that the notice was mailed to Coleman on December 28, 2010, his unrebutted declaration indicates he never received the notice in the mail. *See In re Carter*, 511 F.2d 1203, 1204 (9th Cir. 1975)

7 - FINDINGS & RECOMMENDATION

("The presumption that a letter duly mailed was received by an addressee is not conclusive, but rebuttable by satisfactory evidence to the contrary. . . ."; uncontradicted evidence that letter was not received rebuts the presumption); *cf. Crabill v. Charlotte Mecklenburg Bd. of Ed.*, 423 Fed. Appx. 314, 321-22 (4th Cir. 2011) (court relied on similar statement by the plaintiff in equitably tolling the federal 90-day filing requirement).[3]

Solarworld urges the court to rely on the date the notice was mailed to Coleman, citing *Schikore v. BankAmerica Supplemental Retirement Plan*, 269 F.3d 956, 961 (9th Cir. 2001) ("[T]he proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee in the usual time."). Dkt. #25, p. 3. However, the court finds Coleman has rebutted the presumption by declaring that he never received the notice, and by raising serious concern that the proper notice ever was mailed at all prior to August 1, 2011. On this record, the court is not convinced that the proper right-to-sue notice - that is, the notice regarding Solarworld, rather than the notice regarding Kelly Services - ever was sent to Coleman. Even after

---

[3]Coleman has cited *Gonzalez v. Stanford Applied Engineering, Inc.*, 597 F.2d 1298, 1299 (9th Cir. 1979), for the proposition that when a right-to-sue letter is requested by a claimant's attorney, the 90-day limitation period never begins to run until the attorney receives notice that a right to sue has been granted. Dkt. #23, p. 3. This court does not read *Gonzalez* as broadly as Coleman suggests. The *Gonzalez* court was interpreting the federal notice provision under 42 U.S.C. § 2000e-5(f)(1), which requires that suit be filed within 90 days after the claimant receives notice of the right to sue. The court held that in certain circumstances, counsel's receipt of notice, rather than the claimant's receipt, starts the clock running. The same circumstances are not present here, where the court must interpret a state statute requiring suit to be filed within 90 days of mailing, not receipt, of the right-to-sue notice.

8 - FINDINGS & RECOMMENDATION

specific requests, the BOLI continued to send copies of the Kelly Services right-to-sue letter to Coleman's counsel. On these facts, it is a question of fact whether any reasonable person could have had any confidence in Ms. Jordan's representation that a proper right-to-sue letter ever had been sent prior to at least June 2011. The BOLI's mistakes constituted an "obstacle" that prevented Coleman from filing suit within the limitations period established under Oregon law. Even if the right-to-sue letter is deemed to have been mailed on December 28, 2010, on these facts, equitable tolling should be applied and the late filing should be allowed. As a result, Solarworld's motion to dismiss[4] Coleman's claims arising under ORS chapter 659A should be denied.

Even if the court stops short of deeming the case to be timely filed, on this record, a material issue of disputed fact exists regarding when, if at all, the proper right-to-sue letter was mailed to Coleman by the BOLI. Should the district judge disagree and grant the motion on the basis that no material issue of disputed fact exists, then Coleman should be granted leave to amend his Complaint to plead equitable tolling, leaving resolution of the issue to the finder of fact at trial.[5] *But see Einheber v. Regents*

---

[4] Construing the motion as one for summary judgment.

[5] The law in the Ninth Circuit "is somewhat inconsistent regarding the standard of review applicable to a district court's determination of whether . . . equitable tolling applies. . . . [T]he decision as to whether equitable tolling applies 'is generally reviewed for an abuse of discretion, unless the facts are undisputed, in which event the legal question is reviewed de novo.'" *Forester v. Chertoff*, 500 F.3d 920, 929 n.11 (9th Cir. 2007) (citation omitted). *See, e.g., Viridiana v. Holder*, 646 F.3d 1230, 1234 (9th Cir. 2011) (in immigration action where court had to determine whether asylum application was untimely, court held that "issue of whether a petitioner has demonstrated 'extraordinary

9 - FINDINGS & RECOMMENDATION

*of Univ. of Cal.*, 119 Fed. Appx. 861, 862 (9th Cir. 2004) ("[P]laintiffs need not literally raise 'equitable tolling' in the complaint for the doctrine to apply. Rather, 'the sole issue is whether the complaint, liberally construed in light of our "notice pleading" system, adequately alleges facts showing the *potential* applicability of the equitable tolling doctrine.'") (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993); emphasis in original).

### ***SCHEDULING ORDER***

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due **January 9, 2011, 2012**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due by **January 26, 2012**. When the response is

---

circumstances' warranting equitable tolling is a mixed question of fact and law"); *Long v. Paulson*, 349 Fed. Appx. 145, 146 (9th Cir. 2009) (where facts are not in dispute, equitable tolling is a question of law); *Thorman v. Am. Seafoods Co.*, 421 F.3d 1090, 1094 (9th Cir. 2005) (same; citations omitted); *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1172 (9th Cir. 1986) (same); *Mayes v. Leipziger*, 729 F.2d 605, 608 n.2 (9th Cir. 1984) (in legal malpractice action, court noted equitable tolling issue was one of fact, and plaintiff should have been granted leave to amend her complaint to allege equitable tolling).

10 - FINDINGS & RECOMMENDATION

due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 22nd day of December, 2011.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
Unites States Magistrate Judge

11 - FINDINGS & RECOMMENDATION